[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13884
Non-Argument Calendar

_____

D.C. Docket No. 2:04-cr-14029-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES BRAYE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 30, 2020)


Before GRANT, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Charles Braye, a federal prisoner proceeding through his lawyer, appeals the district court's denial of his request for a sentence reduction under the First Step Act of 2018.[*]  No reversible error has been shown; we affirm.

In 2004, a federal grand jury returned an indictment charging Braye with possession with intent to distribute "five grams or more" of crack cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B) (Count 1), and with possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2).  Braye pleaded guilty to both counts pursuant to a written plea agreement.  The plea agreement listed the amount of crack cocaine involved in Count 1 as "5 grams or more."

During Braye's plea hearing, the government described the factual basis for the plea agreement.  Among other things, the government said that the total weight of crack cocaine seized from Braye was 30.3 grams.  Braye agreed with the government's factual basis and pleaded guilty.

The Presentence Investigation Report ("PSI") calculated Braye's base offense level as 28 based on a finding that Braye was responsible for 30.3 grams of crack cocaine.  The PSI then applied a career-offender enhancement under

_____

[*] First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

2

U.S.S.G. § 4B1.1(b) and a 3-level reduction for Braye's acceptance of responsibility.  Based on the resulting total offense level of 31 and a criminal history category of VI, Braye's advisory guideline range was calculated as 262 to 327 months' imprisonment.

The district court sentenced Braye to 262 months for Count 1, plus a consecutive 60-month sentence for Count 2.  We later dismissed Braye's direct appeal as barred by the valid appeal waiver contained in Braye's plea agreement.

In August 2019, Braye filed a counseled motion to reduce his sentence under section 404 of the First Step Act.  Braye sought a sentence of either time-served (182 months) or 210 months, which he said would be sufficient to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

The district court denied Braye's motion in September 2019.  The district court first concluded that Braye was ineligible for a sentence reduction under the First Step Act.  The district court determined that -- based on the amount of crack cocaine Braye admitted to possessing (30.3 grams) -- Braye's advisory guidelines range would remain unchanged.  The district court also said that Braye's admitted drug quantity would still trigger the same statutory penalties after passage of the Fair Sentencing Act of 2010.

In the alternative, the district court also denied Braye's motion for a reduced sentence for this reason:

Moreover, even if Defendant is considered eligible for consideration of a reduction of his sentence, this Court does not believe defendants who admitted having sufficient quantities of cocaine base to trigger the statutory penalties now in effect after the passage of the Fair Sentencing Act should be treated differently than those being charged under the law currently in effect. Hence, even if Defendant is eligible under the First Step Act for a sentence reduction, the Court would exercise its discretion under 18 U.S.C. § 3553(a) to deny Defendant a reduction of his sentence.

After the district court denied Braye relief under the First Step Act -- and while this appeal was pending -- we issued our decision in United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), in which we addressed the meaning and proper application of section 404 of the First Step Act. Based on Jones, the government now concedes that Braye's Count 1 drug offense constitutes a "covered offense" under section 404(a) of the First Step Act and, thus, that Braye is eligible for a reduced sentence. We agree that -- under Jones -- the district court erred in concluding that Braye was ineligible for relief under the First Step Act.

That Braye is eligible for a reduced sentence under the First Step Act does not mean, however, that he is entitled to relief. The district courts retain "wide latitude to determine whether and how to exercise their discretion" in granting a sentence reduction. Jones, 962 F.3d at 1304. In exercising that discretion, district courts may consider "all the relevant factors," including the 18 U.S.C. § 3553(a) sentencing factors. Id. We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act. Id. at 1296.

4

Here, the district court explicitly determined that -- to the extent Braye was eligible under the First Step Act -- the district court would exercise its discretion to deny Braye's motion for a sentence reduction based on the section 3553(a) factors. In particular, the district court discussed the nature and circumstances of Braye's offense and the need to avoid unwarranted sentencing disparities among similarly-situated defendants.

Braye raised no challenge to the district court's alternative ruling in his initial appellate brief. When -- as in this case -- "an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

AFFIRMED.